UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CRYSTAL TRAHAN o/b/o           DOCKET NO. 6:12-cv-00989
T.T., a minor child

VERSUS          JUDGE DOHERTY

MICHAEL J. ASTRUE,          MAGISTRATE JUDGE HANNA
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

## RULING ON MOTION

Currently pending is the motion for authorization of attorneys' fees pursuant to 42 U.S.C. § 406(b), which was filed by Matthew D. Lane, Jr., the attorney for Social Security claimant Crystal Trahan, who was acting on behalf of her minor child, T.T., in this action. (Rec. Doc. 18).

### BACKGROUND

On April 24, 2012, Ms. Trahan filed a complaint for judicial review, appealing the denial of her claim for Social Security disability benefits for T.T. By report and recommendation dated August 14, 2013, the undersigned recommended that the Commissioner's decision be reversed and remanded with instructions for the computation and payment of benefits beginning January 12, 2008. (Rec. Doc. 10). On September 9, 2013, the District Judge entered a judgment adopting the report and recommendation, reversing the Commissioner's decision, and awarding benefits from

the date of January 12, 2008 forward. (Rec. Doc. 11). Ms. Trahan was represented by Mr. Lane in administrative proceedings concerning this claim as well as in this judicial proceeding. Following the Court's reversal of the Commissioner's adverse decision, Mr. Lane moved for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Rec. Doc. 14). A stipulated order for attorneys' fees was granted, and Mr. Lane was awarded $3,537.50. (Rec. Doc. 17).

On June 17, 2014, the Social Security Administration issued a Notice of Award indicating that T.T. is owed past-due Supplemental Security Income ("SSI") benefits of $30,715.93 and advising that the sum of $7,678.00, which represents 25% of the past-due benefits, was being withheld to pay attorneys' fees. (Rec. Doc. 18-3). Mr. Lane now seeks an award of attorneys' fees under 42 U.S.C. § 406(b) in that same amount.

## ANALYSIS

Mr. Lane is entitled to apply to the agency, under 42 U.S.C. § 406(a), for a fee for his efforts before it. He is also entitled to apply to the court, under 42 U.S.C. § 406(b), for an award for his work before the court. The Fifth Circuit interprets Section 406 as precluding the combination of agency fees under Section 406(a) and

court fees under Section 406(b) from exceeding twenty-five percent of a claimant's past-due benefits.[1]

In the instant motion, Mr. Lane requests an award of $7,678.00, an amount that represents twenty-five percent of the past-due benefits that were awarded to T.T.  In support of his motion, Mr. Lane submitted a copy of the contingency fee agreement between he and Ms. Trahan, which provides for attorneys' fees of "twenty-five percent (25%) of any and all past-due benefits awarded to my family and me." (Rec. Doc. 18-2 at 1).  He also attached a time sheet detailing the professional services he rendered from February 9, 2009 through June 28, 2014 for representation of Ms. Trahan in administrative proceedings and from April 3, 2012 through August 1, 2014 for representation of Ms. Trahan in the federal-court proceeding.  The time sheet shows that a total of 63 hours of work were performed, with 29 of those hours expended in representing Ms. Trahan before this Court.  Mr. Lane acknowledges that if he is awarded the $7,678.00 requested in this motion, he will be required to refund the EAJA award of $3,537.50 to Ms. Trahan, and he represents that he will do so. (Rec. Doc. 18-1 at 8).

---

[1] *Rice v. Astrue*, 609 F.3d 831, 835 (5th Cir. 2010); *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).

The Commissioner of Social Security responded to the motion, agreeing that Mr. Lane is entitled to a reasonable fee for court-related representation but taking no position on the reasonableness of the amount sought to be recovered by Mr. Lane. (Rec. Doc. 20 at 3).

Mr. Lane and the Commissioner agree that 42 U.S.C. § 406(b) governs this attorneys' fee application. Section 406(b) provides, in pertinent part, as follows: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation. . ."[2] Section 406(b) governs the award and collection of fees by attorneys for the representation of claimants in court.[3] The statute does not displace contingent-fee agreements within the statutory ceiling; instead, it instructs courts to review for reasonableness the fees calculated based on such agreements.[4] Although the application of the lodestar method (hours reasonably spent on the case times reasonable hourly rate) to calculate fees under Section 406(b) was expressly rejected, the claimant's attorney may be required to submit a record of the hours spent representing the claimant and a

---

[2]   42 U.S.C. § 406(b)(1)(A).

[3]   *Murkeldove v. Astrue*, 635 F.3d 784, 788 (5th Cir. 2011).

[4]   *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Jeter v. Astrue*, 622 F.3d 371 (5th Cir. 2010).

statement of the lawyer's normal hourly billing charge for non-contingent-fee cases as aids to the court's evaluation of the reasonableness of the fee yielded by the fee agreement.[5] Additionally, a downward adjustment is permitted in order to prevent a "windfall" for the lawyer if the benefits resulting from the contingency fee are large in comparison to the amount of time the lawyer actually spent on the case.[6]

This led to confusion concerning the role that the lodestar calculation should play in calculating a reasonable contingency fee. The Fifth Circuit examined this issue and held that "courts may consider the lodestar in their analysis so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage."[7] The windfall evaluation may take into consideration an effective hourly rate "but only so long as this mathematical calculation is accompanied by a consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him."[8] The court explained that the "windfall" does not preclude attorneys from recovering what may seem like a high

---

[5] *Gisbrecht v. Barnhart*, 535 U.S. at 808.

[6] *Gisbrecht v. Barnhart*, 535 U.S. at 808.

[7] *Jeter v. Astrue*, 622 F.3d 371, 380 (5th Cir. 2010).

[8] *Jeter v. Astrue*, 622 F.3d at 380.

fee award if the attorney's success on appeal is of his own making. If "success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work – even if he managed to accomplish a great deal in a small window of time."[9] The Fifth Circuit left to the district courts formulation of the factors that might be considered in determining whether the attorney's success on appeal was the result of his own hard work.

Mr. Lane argues that the requested sum is reasonable. Dividing the requested sum of $7,678.00 by the 63 hours expended on agency and courtroom representation yields an effective hourly rate of $121.87 per hour, while dividing $7,678.00 by the 29 hours of federal-court work yields an effective hourly rate of $264.75 per hour. The first number is significantly below the $225.00 per hour that Mr. Lane would charge for non-contingency litigation-related work, while the second number is somewhat higher but would not result in a large windfall.

Mr. Lane also addresses several factors that the undersigned finds to be worthy of consideration. Although appeals of adverse rulings are rare in Social Security disability cases, Mr. Lane's efforts resulted in reversal of an adverse ruling and the award of a significant amount of past-due benefits in this case, which must be balanced against the many unsuccessful cases that result in no compensation for the

---

[9]     *Jeter v. Astrue*, 622 F.3d at 381.

claimant's attorney. The representation provided in this case was professional and competent. Mr. Lane restricts his practice primarily to the area of Social Security disability law and is one of only a few attorneys in the area who represent Social Security claimants in federal court. He has significant experience in that field as well as sterling academic credentials and solid litigation experience. Were he billing at an hourly rate for his work, he would charge $225 per hour. Therefore, although Mr. Lane's effective hourly rate might seem a little high, the undersigned finds, in light of the additional factors, that the requested fee is reasonable and not attributable to anything other than the attorney's own work. T.T. likely would have received no benefits had Mr. Lane not presented successful arguments on appeal. His arguments led to the plaintiff receiving more than $30,000 in past due benefits, plus continuing monthly payments. The Court has reviewed the fee application, and finds that the requested fee award of $7,678.00 is reasonable in light of the circumstances and should be approved.

Mr. Lane represents that the previously-ordered EAJA award of $3,750.50 will, upon receipt of the Section 406(b) fee award, be refunded to the plaintiff as required by the statute under these circumstances.

Accordingly:

IT IS ORDERED that the motion (Rec. Doc. 18) is GRANTED, and the Court awards fees in the amount of $7,678.00, to be paid from the past-due benefits held by the Commissioner for such purposes.

IT IS FURTHER ORDERED that, upon receipt of the Section 406(b) fee, Mr. Lane shall return to Ms. Trahan the $3,537.50 EAJA fee that was awarded earlier in this case.

Signed at Lafayette, Louisiana on September 3, 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE